FILED ___ LODGED
___ RECEIVED ___ COPY

MAR 28 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

✓ FILED ___ LODGED
___ RECEIVED ___ COPY

JUN - 5 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

CAROLINA ESCALANTE-KONTI
Arizona State Bar No. 026233
D. J. PASHAYAN
Ohio Bar No. 0071260
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: fernanda.escalante.konti@usdoj.gov
Email: don.pashayan@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Adolfo Macias-Madrigal,<br><br>　　　　　Defendant. | CR- 2:17-01110-03-PHX-DLR<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, ADOLFO MACIAS-MADRIGAL, hereby agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to Count 3 of the First Superseding Indictment charging the defendant with a violation of Title 21, United States Code (U.S.C.), § 843(b), Unlawful Use of a Communications Facility, a Class E felony offense.

2. **MAXIMUM PENALTIES**

　　a.　A violation of 21 U.S.C. § 843(b) is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of 4 years, or both, and a term of supervised release of 1 year.

MF 74
SCANNED

b.  According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.  The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

d.  The defendant understands and acknowledges that pleading guilty may result in the termination or denial of certain food stamp, social security, and other benefits for defendant and the defendant's immediate family pursuant to 21 U.S.C. §§ 862 and 862a.

e.  The defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that defendant has discussed this eventuality with defendant's attorney.

The defendant nevertheless affirms that defendant wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

**3.   AGREEMENTS REGARDING SENTENCING**

a.   <u>Acceptance of Responsibility</u>.  If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a).  If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

b.   <u>Base Offense Level Recommendation</u>.  Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant agree and will recommend to the Court that the defendant's Base Offense Level equates to a Level 10 pursuant to U.S.S.G §§ 2D1.1(a) and 2D1.6.

c.   <u>No "Death or Serious Bodily Injury" Recommendation:</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant's Base Offense Level does not involve "death or serious bodily injury" pursuant to U.S.S.G § 2D1.1(a)(2).

d.   <u>No "Aggravating Role" Recommendation:</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant should not receive an upward adjustment for "aggravating role" pursuant to pursuant to U.S.S.G § 3B1.1.

e.   <u>Safety-Valve Recommendation</u>.  Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the defendant agree and will recommend that, if the defendant qualifies for the "safety valve" reduction pursuant to 18 U.S.C. § 3553(f)(1) and United States Sentencing Guidelines §§ 2D1.1(b)(16) and 5C1.2(a), then the defendant shall

receive the applicable reduction in the Guideline Offense Level. If the defendant is not eligible for this consideration, then the parties agree that this particular provision will be void and all other provisions of this plea agreement shall remain in full force and effect. In order to qualify for this reduction, the defendant will truthfully provide all information and evidence the defendant has concerning the offenses that were part of the same course of conduct or of a common scheme or plan, including but not limited to information and evidence that exceeds that which is contained within the factual basis.

  f. <u>Non-Binding Recommendations</u>.  The defendant understands that recommendations are not binding on the Court.  The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

  g. <u>No other agreements.</u>  Other than the provisions set forth above, the United States and defendant agree and understand that certain other potential adjustments in the offense level, to include role in the offense (Chapter 3, Part B of the U.S.S.G.) and obstructing or impeding the administration of justice (Chapter 3, Part C of the U.S.S.G.), shall be resolved at sentencing, and that the parties have no further agreements relative to the Total Offense Level applicable in this case other than that set forth herein.

**4.** **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

  a. Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of sentencing, shall dismiss Count 1 and the Forfeiture Allegation of the First Superseding Indictment as they relate to the defendant.

  b. The United States Attorney's Office for the District of Arizona shall not prosecute the defendant for any other Controlled Substance Act, Obstruction of Justice, False Statement, or Immigration offenses committed by the defendant, and known by the United States, in connection with the First Superseding Indictment in this case.

  c. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that this plea agreement is contingent upon the successful guilty plea of the co-defendants Fany Madrigal-Lopez, Luis Angel Macias, and Paulina Madrigal-Macias.  If

any one or more of the co-defendants does not plead guilty in this case, or if any one of the co-defendants' pleas are rejected by the Court, the United States shall be entitled to withdraw from this plea agreement at any time prior to sentencing.

    d.    This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

## 5. COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION

    a.    If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

    b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

## 6. WAIVER OF DEFENSES AND APPEAL RIGHTS

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the Indictment, First Superseding Indictment, or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28

U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7. **DISCLOSURE OF INFORMATION**

   a.   The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

   b.   Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

   c.   The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

   (1)   criminal convictions, history of drug abuse, and mental illness; and

   (2)   financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

8. **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

   a.   Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which

offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

9. **ELEMENTS**

**Unlawful Use of a Communications Facility**

On December 6, 2015, in the District of Arizona:

1. The defendant knowingly used a communications facility, that is, a telephone; and
2. The defendant acted with the intent to cause or facilitate the commission of a drug felony, namely, a conspiracy to possess with the intent to distribute and distribute controlled substances as alleged in Count One of the First Superseding Indictment.

It does not matter whether the defendant knew that the substances possessed or distributed were oxycodone, fentanyl, cocaine, or alprazolam. It is sufficient that the defendant knew that it was some kind of controlled substance.

10. **FACTUAL BASIS**

a. The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

Between in or about the fall of 2015 through in or about August of 2017, co-defendant Fany Madrigal-Lopez, obtained quantities of oxycodone; blue "M-30" pills that looked like oxycodone, but contained fentanyl; cocaine; and alprazolam, all of which are scheduled controlled substances, from sources of supply in the District of Arizona.

After obtaining possession of these substances, Fany Madrigal-Lopez would redistribute these substances to various customers in the metropolitan Phoenix area for profit. Her children and co-defendants, which included, Luis Angel Macias; Paulina Madrigal-Macias; and I, defendant Adolfo Macias-Madrigal, would occasionally redistribute these substances to these customers and obtain payment

for these substances from these customers. At the time that we redistributed these controlled substances for Fany Madrigal-Lopez; Luis Angel Macias, Paulina Madrigal-Macias, and I knew that we were distributing controlled substances on her behalf. After Fany Madrigal-Lopez was arrested in this case, Paulina Madrigal-Macias and Luis Angel Macias continued to make contact with some of these customers and attempted to obtain payment for controlled substances previously sold to these customers.

One of these customers who obtained controlled substances from Fany Madrigal-Lopez, Paulina Madrigal-Macias, and I was an individual known as P.L. On December 6, 2015, P.L. and I discussed over a series of telephonic text messages the distribution of oxycodone. During these text messages, P.L. asked me to sell him three oxycodone pills. I then told P.L. to meet me after 11:00 PM that night behind Peter Piper Pizza near Bell Road at which time I distributed these oxycodone pills to P.L.

On the evening of November 16, 2016, P.L. travelled to Fany Madrigal-Lopez's residence at 7336 West Vogel Avenue, Peoria, Arizona. While at Fany Madrigal-Lopez's residence, she knowingly and intentionally sold and distributed several pills to P.L. that were blue in color, were labeled individually as "M-30," and looked like oxycodone. These pills in fact contained fentanyl and other substances. P.L. then consumed these pills and the fentanyl in these pills caused P.L. to overdose and die that same night.

On August 18, 2017, the Drug Enforcement Administration executed a search warrant at Fany Madrigal-Lopez's residence at 7336 West Vogel Avenue, Peoria, Arizona. I resided at this residence with Fany Madrigal-Lopez. Inside her bedroom and vehicle, agents found and seized quantities of oxycodone; cocaine; blue "M-30" pills that contained fentanyl; and alprazolam.

For purposes of this factual basis, I admit and acknowledge that, on December 6, 2015, I used a communications facility, that is, telephone text messages, to facilitate the drug conspiracy charged in this case by discussing the distribution of some of the oxycodone in this case to P.L. I also admit that on December 5 and December 29, 2015, I exchanged other text messages with P.L. about distributing controlled substances to P.L. on Fany Madrigal-Lopez's behalf.

    b.    The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant

to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

### APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional

agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

_5/28/18_    _Adol R_
Date          ADOLFO MACIAS-MADRIGAL
              Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of

Fed. R. Crim. P. 11.

3/28/18
Date

_____
MANNY JACOBO
Attorney for Defendant

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

3/28/18
Date

_____
CAROLINA ESCALANTE-KONTI
D. J. PASHAYAN
Assistant U.S. Attorneys

**ACCEPTANCE BY THE COURT**

6-5-18
Date

_____
HONORABLE DOUGLAS L. RAYES
United States District Judge

- 11 -